CITY OF NASHVILLE *v.* WILLIAMS.

(*Jackson,* April Term, 1935.)

Opinion filed May 17, 1935.

J. W. MOORE, JACK KEEFE, O. W. HUGHES, and R. L. ALEXANDER, JR., all of Nashville, for plaintiff in error.

ROBERTS & ROBERTS, of Nashville, for defendant in error.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

In this case we are presented with a petition asking that we fix the amount of compensation for counsel representing the six year old infant, Berry Hiram Williams, who, suing by next friend, recovered a judgment against the city of Nashville for $10,000 for personal injuries. A lien was declared on said recovery in favor of counsel pursuant to section 8035 of the Code.

The next friend cannot contract with counsel for the amount of their fees so as to bind the minor. *Roberts* v. *Vaughn*, 142 Tenn., 361, 368, 219 S. W., 1034, 9 A. L. R., 1528. The amount of compensation is to be determined upon reference as to what would be reasonable remuneration for counsel in a proceeding in which the infant is made a defendant and a guardian *ad litem* appointed to represent him. In determining the amount of fees, the relationship of counsel and the infant is an antagonistic one. See *Roberts* v. *Vaughn, supra; Bowling* v. *Scales*, 1 Tenn. Ch., 618; Gibson's Suits in Chancery (Chambliss Ed.), sec. 106. Under these authorities the reference may be had in the case in which the services

were rendered. If desired, an order may be entered remanding the case to the circuit court for a reference as to fees, with leave to counsel to file a petition in that court making the infant a defendant thereto, and, upon the forthcoming of the answer of the guardian *ad litem*, the case may be referred to the clerk for proof and a report.

This court is without jurisdiction to determine the matter presented in the petition; hence it will be dismissed.